UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   5:25-cv-03228-AB-SK                                      Date: December 16, 2025
Title            Freddy Edilberto Cabanilla Arias v. Warden, et al.

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**        (IN CHAMBERS) ORDER TO SHOW CAUSE

Petitioner is a native and citizen of Ecuador who on arrival in the United States three years ago was initially detained by Immigration and Customs Enforcement (ICE) but then released on parole and ordered to report for ICE check-ins pending an application for asylum. (ECF 1 at 10). In the meantime, he was granted a permit to work in the United States. (*Id.*). But when petitioner appeared for a scheduled ICE parole check-in on October 27, 2025, he was arrested and detained with no bond hearing. (*Id.*). He has since remained detained at Adelanto Detention Facility.

Alleging that his arrest and continued detention are unlawful, petitioner seeks federal habeas relief under 28 U.S.C. § 2241. In their answer to the petition, which the court ordered expedited, respondents acknowledge that an overwhelming majority of courts within this district reject respondents' view that noncitizens in petitioner's position are subject to mandatory detention with no possibility of bond. *See, e.g.*, *Bautista v. Santacruz*, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025); *Helal v. Janecka*, 2025 WL 3190132 (C.D. Cal. Oct. 24, 2025); *Mosqueda v. Noem*, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025). Under that view, respondents do not deny that similarly situated petitioners housed at Adelanto Detention Facility in this district have been ordered to receive—and been promptly given—a bond hearing notwithstanding respondents' contrary legal positions about the scope or interpretation of applicable statutes or regulations under the Immigration and Nationality Act (INA).

For his part, petitioner replied to respondents' answer on December 16, 2025, reiterating the same arguments consistent with the prevailing view now expressed by so many courts in this district. (ECF 7). The court finds those persuasive enough (if nothing else for the sake of treating like cases alike) and would follow them absent new convincing reasons not already raised and considered in those orders. Respondents, however, raise no such new countervailing arguments here, but rather offer their same standing arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   5:25-cv-03228-AB-SK                                                  Date: December 16, 2025
Title          Freddy Edilberto Cabanilla Arias v. Warden, et al.

     Respondents are therefore ORDERED TO SHOW CAUSE in writing by no later than **4:00 PM PT on December 20, 2025**, why the § 2241 petition should not be granted to the extent it seeks an immediate individualized bond hearing for petitioner under the reasoning of the decisions in this district ordering such relief on an expedited basis. Respondents may discharge this order by or before the show-cause deadline with written verification that petitioner has received (or is scheduled to receive on a date certain) a post-arrest/post-detention bond hearing consistent with those given to similarly situated noncitizens under orders from this district. Meanwhile, respondents are ordered not to transfer petitioner out of this district while this case remains active.

     If petitioner is released on bond (or scheduled to receive a bond hearing on a date certain), petitioner's counsel shall so confirm in writing and file a notice of voluntary dismissal *without prejudice* under Rule 41(a)(1) if petitioner's release on bond (or scheduled bond hearing) moots this habeas action. If this action is not voluntarily dismissed before then, respondents must file by no later than **December 27, 2025** either (1) a supplemental answer addressing petitioner's reply, or (2) a stipulation and consent judgment (consistent with others entered in this district) enjoining petitioner's rearrest or detention without pre-deprivation notice and hearing. Such consent judgment, however, may preserve any of respondents' arguments concerning the disputed applicability, interpretation, or scope of any INA statutes or regulations at issue.

     The clerk of court is instructed to docket and email this order to all counsel of record forthwith.

     IT IS SO ORDERED.